FILED

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

11 AUG -1 AM 8:58

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:11CR 095 |
| ) | |
| THOMAS F. LEWIS III ) | |
| aka "Chip Lewis" ) | |

## PETITION TO ENTER A GUILTY PLEA

The defendant above named respectfully represents to the Court as follows:

1. My true name is THOMAS F. LEWIS III and I request that all proceedings against me be had in the name which I here declare to be my true name.

2. I was born in the United States of America. I have attended school and I have the ability to read, write and speak the English language.

3. I am represented by counsel and my lawyer's name is Thomas M. Dixon.

4. I have received a copy of the Information and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

5. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has since informed me and has counseled and advised with me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

6. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

7. I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

(a) the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana which must return a unanimous verdict of GUILTY before I can be convicted;

(b) the right to be released on reasonable bail until my trial occurs;

(c) the right to see, hear and cross-examine all the witnesses against me at my trial;

(d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor at my trial;

(e) the right to the assistance of counsel at every stage of the proceedings, including upon an appeal if need be;

(f) the right not to testify without prejudice; and,

(g) that in the event that I should be found GUILTY of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

8. I understand, also, that if I plead GUILTY, I waive the right to trial by jury in any and all proceedings in this case and all of the other rights mentioned above.

9. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office for the Northern District of Indiana as follows:

(a) I agree to plead guilty to the Information, which charges me with aiding and abetting mail and wire fraud in violation of Sections 1341, 1343, and 2 of Title 18, United States Code. I agree to plead guilty to these charges because I am in fact guilty of these offenses. I understand that I have the right to be indicted by a Grand Jury. I agree to waive in open court my right to have these felony charges presented to a Grand Jury and to consent to the filing of these charges by way of an Information;

(b) I admit that I knowingly aided and abetted the fraud scheme described in the Information. In particular, I admit that the following facts are true.

From 2003 through December 2009, Byron L. Canada aka "Fr. Barney" operated an advance fee scam during which Canada promised to provide various loans and financing for commercial, real estate, construction and other projects in exchange for up-front or advance fees for these loans. But no loans or any kind of actual financing were ever provided. Utilizing accomplices and several companies including Trinity Trust Financial Services Inc., Providence Funding, Inc., and Saint Luke Realty Capital Corp., Canada took in up-front or advance fees from various persons and entities all over the United States who were victimized as part of the scheme.

In furtherance of the fraud, the defendant vouched for Canada and his companies (which the defendant had helped to incorporate) despite knowing that Canada had been convicted of fraud in the past and despite knowing that no loans or financing had ever been provided by Canada or any of his companies. The victims of the scheme were told that Canada and his companies had previously closed on loans and financing packages. Such statements were false and the defendant knew these statements were false when they were made.

In furtherance of the fraud, the defendant allowed Canada to misrepresent to victims, their counsel, and other interested persons that Canada and his companies were "direct lenders" with their own source of funds. The defendant knew that Canada and his companies never had their own source of funds and had no real capacity to supply the multi-million dollar loans that were repeatedly promised. In particular, the defendant helped to prepare and file declarations in a court proceeding in which victims, interested parties, and the court were misled in 2008 into thinking that Canada and his companies were capable of providing financing for a large real estate development project when in fact they were not.

Additionally, the defendant was aware of numerous other "red flags" that indicated that Canada and his associates were making numerous misrepresentations and false promises all for the purpose of obtaining substantial monies under false pretenses. Among these "red flags" were:

- the defendant knew from the beginning that Canada had previously been convicted of fraud and previously served time in prison for fraud;

- victims and their representatives told the defendant that they suspected Canada was engaged in fraud;

- there was documentation that Canada falsely represented himself to be a direct lender with his own source of funds;

- the defendant was aware of articles in the press that appeared in 2008 and early 2009 describing Canada's current advance fee fraud and history of advance fee fraud;

- the defendant knew that Canada obtained advance fees in connection with sought-after loan transactions that had no real chance of success.

- Canada and his associates made promises to victims that could not be fulfilled or backed-up;

- the defendant knew no loans were ever closed by Canada or any of his companies.

The defendant looked the other away and consciously avoided learning the full truth about Canada and his advance fee fraud. Moreover, the defendant's work with and vouching for Canada gave the advance fee scheme a false aura of legitimacy;

(c)     I understand that the maximum penalties for a violation of Title 18, United States Code, Sections 1341 or 1343 as charged in the Information are for each count: a maximum of twenty years imprisonment, a $250,000 fine, or a combination of both imprisonment and a fine, as well as a period of three years supervised release to follow any term of imprisonment, and a mandatory special assessment of $100. I further understand that I will be ordered to pay restitution to the victims in this matter;

(d)     I understand that the offense to which I am pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the statutory maximum(s) listed above, the United States

Sentencing Guidelines, and this plea agreement. I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255;

(e) I understand that the Court, based upon input from me, my attorney, and the government as well as an investigation by the United States Probation Office, will determine the guideline range to be applied at my sentencing;

(f) The defendant fully understands that the United States of America has reserved the right to tell the Sentencing Court the good things about him, and the bad things about him, and has reserved the right to fully inform the Court of the nature and extent of his offense(s);

(g) The government agrees that in recognition of the defendant's acceptance of responsibility for his offense conduct, he is entitled to a reduction in the offense level under Guideline § 3E1.1; however, the government's obligation to recommend an acceptance of responsibility reduction under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility. The defendant understands that the government's recommendation in this respect is a non-binding recommendation and that the Court makes the final decision whether to reduce the defendant's offense level at all and to what extent for acceptance of responsibility;

(h) The government and the defendant agree to make the following non-binding recommendations to the Court regarding U.S. Sentencing Guideline issues: (1) the loss to victims in the portion of the scheme aided by the defendant was more than $1,000,000 but less than $2,500,000; and (2) the number of victims in the portion of the scheme aided by the defendant was more than 10 but less than 50 victims. The government agrees to seek a sentence at no higher than the low-end of the applicable guideline range;

(i) The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This

waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974. Further, the defendant acknowledges that he has received all discovery required by law prior to the entry of this plea and that he has reviewed same with his attorney;

      (j)      The defendant agree to pay restitution to the victims of the fraud scheme, specifically all victims whose loss is included for sentencing guideline purposes (whether covered by an explicit count of conviction or not), as ordered by the Court;

      (k)      The defendant agrees to pay the special assessments at the time of sentencing; and

      (l)      Other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed or any other matter.

10.     I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

11.     I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

12.     I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this petition.

13. I understand and acknowledge that this petition, once filed with the Court, is a public document and available for public viewing.

      s/Thomas F. Lewis III
      Thomas F. Lewis III
      Defendant

      s/Thomas M. Dixon
      Thomas M. Dixon
      Attorney for Defendant

APPROVED:

    DAVID A. CAPP
    UNITED STATES ATTORNEY

      s/ Donald J. Schmid
By: _____
      Donald J. Schmid
      Assistant United States Attorney